**Thomas T. ALFORD, Plaintiff–
Appellant,**

v.

**Stephen S. CARLTON, District
Attorney of Shasta County,
Defendant–Appellee.**

**No. 14–15134.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 8, 2014.

Thomas T. Alford, Vacaville, CA, pro se.

James A. Wyatt, Law Offices of James
A. Wyatt, Redding, CA, for Defendant–
Appellee.

Before: LEAVY, FISHER, and N.R.
SMITH, Circuit Judges.

MEMORANDUM **

Thomas T. Alford, a California state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging denial of post-con-
viction access to biological evidence for
DNA testing. We have jurisdiction under
28 U.S.C. § 1291. We review de novo.
*Intri–Plex Techs., Inc. v. Crest Grp., Inc.,*
499 F.3d 1048, 1052 (9th Cir.2007) (dis-
missal under Fed.R.Civ.P. 12(b)(6)). We
may affirm on any ground supported by
the record, *Thompson v. Paul,* 547 F.3d
1055, 1058–59 (9th Cir.2008), and we af-
firm.

Dismissal of Alford's action was proper
because Alford failed to allege facts suffi-
cient to state a cognizable claim for relief.
*See Ashcroft v. Iqbal,* 556 U.S. 662, 678,
129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to
avoid dismissal, "a complaint must contain
sufficient factual matter, accepted as true,
to state a claim to relief that is plausible
on its face" (citation and internal quotation
marks omitted)); *see also Skinner v. Swit-
zer,* 562 U.S. 521, 131 S.Ct. 1289, 1293,
1298, 179 L.Ed.2d 233 (2011) (a prisoner
can state a cognizable § 1983 claim by
alleging a general constitutional challenge
to a state post-conviction DNA testing
statute, but not by challenging such stat-
ute's application in his case); *Dist. Attor-
ney's Office for the Third Judicial Dist. v.
Osborne,* 557 U.S. 52, 69–72, 129 S.Ct.
2308, 174 L.Ed.2d 38 (2009) (due process
requires only that the state's procedures
for post-conviction relief do not offend fun-
damental principles of justice or trans-
gress any recognized principle of funda-
mental fairness in operation).

We do not consider arguments and alle-
gations raised for the first time on appeal).
*See Padgett v. Wright,* 587 F.3d 983, 985 n.
2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.